## T. & P. R'y Co. v. M. S. Curry.

(Case No. 5354.)
</div>

| 64 | 85 |
| 76 | 645 |
| 64 | 85 |
| 81 | 504 |
| 64 | 85. |
| 86 | 632 |

1. DAMAGES — ALLEGATIONS — IMPLIED DAMAGES.— The general allegation of damages will suffice to let in proof, and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damages. But where damages do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his petition the particular damage sustained, in order to introduce testimony in regard to it; this rule is to avoid surprise.

2. SAME.— But when, as in this case, severe injuries to the person are shown to have existed, the law infers that physical pain resulted therefrom, since the adverse party is presumed to know the ordinary operation of natural laws.

3. SAME.— The same is true as to mental suffering, for it is contrary to experience and the laws of nature that an ordinary person should sustain great bodily injury without mental pain resulting therefrom.

4. EVIDENCE — PRACTICE.— Where there was a failure to use due diligence to offer evidence at the proper time, it was not error to refuse to admit it during the argument of the case.

5. EVIDENCE.— No proof is required to be made of those things which every person is presumed to know; and since it is not required that proof be made of

a fact necessarily resulting from facts proved, it follows that it is not necessary to allege the resulting fact. Following Phillips v. Hoyle, 4 Gray, 571; Folsom v. Town of Underhill, 36 Vt., 592; I. & St. L. R'y Co. v. Stables, 67 Ill., 320; Chicago, B. & Q. R'y Co. v. Warner, 18 Am. & Eng. R'y Cases, 103.

Appeal from Tarrant. Tried below before the Hon. M. D. Priest, Special Judge.

The opinion states the facts.

*Davis, Beall & Rogers*, for appellant, cited: International & Great Northern Railway v. Irvine, Texas Law Review, vol. 5 (February 17, 1885), p. 89, citing following cases: Bristol, etc., Co. v. Gridley, 28 Conn., 201; Vanderslice v. Newton, 4 N. Y., 130; Baldwin v. N. Y. Nav. Co., 4 Daly, 314; Burrell v. N. Y. & S. S. Co., 14 Mich., 34; Lewis v. Paull, 42 Ala., 136; Lindsey v. Dempsey, 45 Ind., 247; Gay v. Winter, 34 Cal., 153; Herin v. McCaughin, 32 Miss., 17.

*Ball & McCart*, for appellee, cited; Whalen v. R. R., 60 Mo., 323; Pennsylvania & Ohio Canal Co. v. Graham, 63 Penn. St., 290; T. W. & W. R. R. v. Braddley, 54 Ill., 19; Mildway v. C. & N. W. R. R., 36 Ia., 46; Fairchild v. Stage Co., 13 Cal., 599; McKenley v. C. & N. W. R. R., 44 Ia., 414; Craker v. C. & N. W. R. R., 36 Wis., 677; Seeger v. Town of Barkmonstead, 23 Conn., 98; Hewlett v. Crochey, 6 Taunt., 277; Sutherland on Damages, vol. 3, 259–268; Thompson on Carriers of Passengers, 570; Field on Damages, sec. 667; Sedgwick on Damages, 35, 36.

Stayton, Associate Justice.— The petition alleges that while the appellee was a passenger in one of the appellant's cars, " through its carelessness, gross negligence and default, the said car was run off the track of said railroad and thrown down the embankments thereof, so that said plaintiff thereby became sick and was greatly injured, cut, bruised and wounded internally and externally, about his hip and spine, and was wholly unable to attend to the transaction and performance of his usual and necessary business, and has so continued from then until now. And plaintiff avers that by reason of said injuries he has become permanently disabled and a cripple for life, and will never recover from the effects thereof, to his actual damage $20,000," etc.

There was no special demurrer to the petition, except in so far as it sought to recover exemplary damages, and in this respect a de-

murrer to the petition was sustained. The evidence was sufficient to show that the injuries resulted from the negligence of the appellant, and that they were of the character alleged.

The court, among others, gave the following charge to the jury: "If you find for plaintiff you may take into consideration, in estimating damages, if any have been shown by the testimony, mental and physical pain and suffering, the nature, extent and probable duration of the injury, and any impaired capacity to earn money or pursue an occupation."

It is not claimed that this charge was erroneous as a legal proposition applicable to the measure of damages in cases founded on personal injuries; but it is claimed that in the absence of some pleading setting up mental suffering as an element of damages in this case, the jury should not have been permitted to consider it.

The rule regulating pleading in this class of cases is thus stated: "The general allegation of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damages; that is, damages of that sort, and proof only is necessary to show the extent and amount. But where damages actually sustained do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his declaration the particular damage which he has sustained, for notice thereof to the defendant; otherwise the plaintiff will not be permitted to give evidence of it on the trial." 3 Sutherland on Damages, 426. The same rule is adopted by Mr. Sedgwick, who refers to the more enlarged and particular statement of the rule made by Mr. Chitty as the correct rule and exposition of the reasons on which it is based. 2 Sedgwick on Damages, 606.

This is a just rule of pleading; for it requires the person seeking relief, by his pleadings, to inform the adverse party of the facts upon which he intends to rely for a recovery, thereby avoiding surprise.

The rule, however, is satisfied when from the facts stated the law infers other fact or facts; for whatsoever the law infers from a given state of facts, the adverse party is presumed to know, and must take notice of, whether it is specially pleaded or not.

The law infers, when such injuries to the person are shown to have existed as are alleged and proved in this case, that physical pain resulted therefrom; for by common observation we know that in the ordinary operation of natural laws, pain is a necessary result of such injuries, unless the condition of the injured person be abnormal, which will not be presumed.

This is equally true as to mental suffering; for it is contrary to common experience and the laws of man's existence and nature that any sane, healthy and robust person by physical injuries may be made a cripple for life in a matter affecting his health, comfort or capacity, without mental pain resulting from the changed condition.

No proof is required to be made of those things which every person is presumed to know, and, as it is not required that proof be made of a fact necessarily resulting from facts proved, then it is not necessary to allege the resulting fact, for it is understood to be averred by the averment of the facts from which it necessarily results.

This rule has been often recognized in actions for personal injuries. Phillips *v.* Hoyle, 4 Gray, 571; Folsom *v.* Town of Underhill, 36 Vt., 592; I. & St. L. R. R. Co. *v.* Stables, 62 Ill., 320; Chicago, B. & Q. R. R. Co. *v.* Warner, 18 Am. & Eng. R. R. Cases, 103; Wright *v.* Compton, 53 Ind., 342; 1 Sutherland on Damages, 766; 3 id., 259–268, 426; 2 Wharton's Evidence, 1293–1296.

We are referred to the case of I. & G. N. R'y Co. *v.* Irvine, 5 Tex. Law Rev., 89, as a case establishing a rule different to that stated above.

While the general rules applicable to cases of this character are correctly stated in that case, it may be true that there are expressions in the opinion which, as applicable to the averments of the petition, would be a misapplication of the law; however correct the decision may have been under the facts of the case.

The rejected testimony of the witness Green was not offered until counsel for the plaintiff was making the closing argument, although the counsel for the appellant knew that the witness was on the train at the time the accident by which the appellee was injured occurred, and that he was in court during the trial.

We find no bill of exceptions taken to the ruling of the court in rejecting the evidence, and might very properly refuse to revise the action of the court below in this respect.

We deem it proper, however, to say that there was no error in the ruling of the court for several reasons.

There was evidently a failure to use due diligence to offer the evidence at the proper time, and, in such case, the ruling of the court below, in refusing to admit the evidence, would not authorize a reversal of the judgment, even if it appeared that the evidence was admissible and important.

The evidence sought to be introduced, however, was so remote that it is exceedingly doubtful if it should have been admitted if offered at the proper time, for it in no manner identified the person,

of whom the witness spoke, as the plaintiff in this case, and without such identification, it being shown that many persons were injured at the same time and place, the evidence was irrelevant.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered April 28, 1885.]