G., C. & S. F. R'Y Co. v. J. H. R. ADAMS.

(No. 2830.)

APPEAL from Dallas County.    Opinion by HURT, J.

*(Transferred from Austin.)*

SHEPARD & MILLER, counsel for appellant.

No counsel appeared for appellee.

§ **422.** *Special damage must be alleged, or proof thereof is not admissible; case stated.*    Appellee sued appellant to recover $1,000 damages because of an alleged assault and battery committed upon him by appellant's conductor, and because of said conductor ejecting him from a train.    He recovered judgment for $50 and costs.    On the trial, over objection of appellant, appellee was permitted to prove that, subsequent to said alleged assault and battery and ejection from the train, he was arrested by an officer without warrant, at the instance of said conductor, and placed in jail.    *Held:* This evidence was not admissible, because said arrest and imprisonment was not alleged by appellee in his pleadings as a ground for damages.    The general allegation of damage will suffice to let in proof and warrant recovery of all damages naturally and necessarily resulting from the wrongful act complained of; the law implies such damages.    But where damages do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his petition the particular damage sustained in order to introduce testimony in regard to it.    [R'y Co. v. Curry, 64 Tex. 85.]    In this case there is no allegation in the petition relating to said arrest and imprisonment, and it does not appear from the

petition that they were the natural and necessary result of the wrongful acts complained of; that is, the assault and battery and ejectment from the cars.

§ **423.** *Duty of conductor to protect passengers; verdict and judgment not warranted by the evidence and the law.* The verdict and judgment are not warranted by the evidence and the law. Appellee entered the passenger cars intoxicated and armed with a pistol. His conduct and language on the cars were disorderly and threatening and justified his ejectment. A railway corporation is under obligation to its passengers to protect them from insult and danger, and has the right to use such means as may be necessary under the circumstances to discharge this obligation.

December 12, 1888.    Reversed and remanded.