## St. Louis Southwestern Railway Company of Texas v. Mrs. R. J. Niblack et al.

### Decided February 11, 1909.

**1.—Damages—Decreased Earning Capacity.**

When personal injuries are shown of such a nature as to justify the conclusion that plaintiff's capacity to earn money in any avocation has been thereby lessened, the right to recover some damages for such diminution is established, and should be submitted to the jury, though there is no evidence as to the actual earnings of plaintiff before and after the injury; but it is otherwise as to diminution of plaintiff's earning capacity in any special calling which he had pursued or for which he is qualified; such latter element is in the nature of special damages, capable of specific proof, and should be pleaded and shown by the evidence, to justify its submission.

**2.—Same—Cases Reviewed.**

Texas & P. Ry. Co. v. Bowlin, 32 S. W., 918; Houston & T. C. Ry. Co.

v. Bird, 48 S. W., 756; St. Louis, S. W. Ry. Co. v. Smith, 38 Texas Civ. App., 507; St. Louis, S. W. Ry. Co. v. Acker, 44 Texas Civ. App., 560; Dallas Con. Elec. St. Ry. Co. v. Motwiller, 101 Texas, 515; discussed.

**3.—Same—Evidence.**

Evidence in case of personal injuries to a woman seventy-three years old and by occupation a midwife considered and held sufficient to support a submission of decrease in earning capacity as an element of damages recoverable, though there was no evidence offered of the amount she earned before the injury.

Appeal from the District Court of Smith County.    Tried below before Hon. R. W. Simpson.

*E. B. Perkins* and *Marsh & McIlwaine,* for appellant.—The evidence failing to disclose facts which would enable the jury to reach an intelligent conclusion as to the amount of loss sustained by reason of any impairment of the earning capacity of Mrs. Niblack, the court erred in submitting such issue to the jury.    Railway v. Bird, 48 S. W., 756; Railway v. Smith, 38 Texas Civ. App., 507; Railway v. Acker, 44 Texas Civ. App., 560; Railway v. Motwiller, 101 Texas, 515.

*Wm. H. Hanson* and *Sawnie Robertson,* for appellees.—A trial court should submit the issue of impairment of earning capacity to the jury as an element of damage where the pleadings allege and the evidence discloses an ability to perform work (though the money value of such work is not shown), and further discloses the nature and extent and effect of injuries to the physical or mental condition of the injured party after such injuries.    The jury, upon such pleadings and evidence, can assess damage for impairment of earning capacity (if any) from common knowledge and experience.    St. Louis S. W. Ry. Co. v. Garber, 111 S. W., 232; Ry. Co. v. Motwiller, 101 Texas, 515; International & G. N. Ry. Co. v. Cruseturner, 44 Texas Civ. App., 181; International & G. N. R. R. Co. v. Edwards, 91 S. W., 640; Texarkana & Ft. S. Ry. Co. v. Toliver, 37 Texas Civ. App., 437; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W., 167; Missouri, K. & T. Ry. Co. v. Johnson, 37 S. W., 771.

WILLSON, CHIEF JUSTICE.—In attempting as a passenger to get on one of appellant's passenger trains at Brownsboro, Mrs. R. J. Niblack suffered injuries to her person as the proximate result of appellant's act in negligently moving its said train.    By her suit commenced against appellant she sought to recover damages on account of injuries so suffered by her.    Before a trial of the case was had she died, intestate, and appellees as her heirs at law, alleging that there were no debts against her estate and no necessity for an administration thereon, and further alleging that her death was not caused by the injuries she had so sustained, made themselves the parties plaintiff in the suit and continued its prosecution.    As the result of a trial they recovered a judgment against appellant for the sum of $750.    From that judgment appellant is prosecuting this appeal.

The court instructed the jury, in the event they should find for appellees, to take into consideration, in determining the amount of

their damages, not only the nature and extent of the injuries suffered by Mrs. Niblack and the mental or physical pain suffered by her as the direct result of such injuries, but also "any impairment of the earning capacity of said Mrs. Niblack up to the date of her death as the direct and proximate result of such injuries."

An assignment questioning the correctness of the court's action in so instructing the jury is the only one presented in appellant's brief. In support of the assignment it is insisted that the evidence failed to "disclose facts which would enable the jury to reach an intelligent conclusion as to the amount of loss sustained by reason of any impairment of the earning capacity of Mrs. Niblack," and that therefore it was error to submit such an issue to the jury.

In their petition appellees alleged that Mrs. Niblack "was by profession a nurse, and was strong and able-bodied, and capable of earning and did earn $2 per day, and that by reason of said injuries . . . she was, up to the time of her death, incapacitated from following her said profession or performing any kind of work, and her earning capacity was entirely destroyed." From the evidence it appeared that before she suffered the injuries complained of Mrs. Niblack, though then 73 or 74 years old, enjoyed good health and was as strong and active as an ordinary woman usually is when only 35 years old; that she frequently walked from her home to the postoffice—a distance of three or three and a half miles—and back, and often accompanied younger people on fishing trips to a creek about a mile from her home. It further appeared from the evidence that she was by profession a midwife; that as such she was paid for her services, and that she "more than made a living." It further appeared from the evidence that among the injuries sustained by Mrs. Niblack was a broken rib and a hernia or rupture in the left groin; that she was confined to her bed and treated by a physician during the five or six weeks immediately following after the time she was injured; that off and on thereafterwards until her death, as the result of the injuries she had received, she was under treatment by the physician, and that during most of the time she was confined to her bed or to the house in which she lived.

In Texas & P. Ry. Co. v. Bowlin, 32 S. W., 918, the plaintiff had alleged that by reason of the injury he had sustained he had suffered and still suffered "great mental and physical pain; that he is disfigured in his face by the loss of his eye; that he suffers, and during his life must continue to suffer the loss of sight in his left eye." By his charge the court authorized the jury in determining the amount of the plaintiff's damages, to take into consideration his diminished ability to earn a livelihood in the future. It was assigned as error that the pleadings and evidence did not raise an issue as to the plaintiff's diminished capacity to labor. The report of the case does not show what the evidence, if any, was, further than that plaintiff was a farmer and had suffered the loss of one of his eyes. In overruling the assignment the Court of Civil Appeals for the Second District said: "The general rule undoubtedly is that whatever damages, though the natural, is not the necessary or obvious, result of an injury, is classed as special damages, and must be alleged; that is to

say, had defendant in error sought to recover damages on account of diminished capacity to earn money in a particular vocation, the facts in relation thereto must have been alleged. Where, however, the capacity to earn a livelihood generally, without reference to any particular calling, is obviously impaired, as it must be conceded it would be by the loss of so essential an organ as that 'little member' that 'gives life to every part about us,' the damage should be classed as general, and not special. . . . In this case, while there was proof, incidentally, that the party injured was a farmer, it was not pretended that he was entitled to recover anything on the ground that the loss of an eye was more detrimental in that occupation than it would have been in some other. No evidence was offered of any such peculiar damage. The charge submitted only the impaired ability generally to earn a livelihood in the future, without reference to any particular pursuit, and that being the result of the alleged and proven loss of sight for life, it is implied by law. Texas & P. Ry. Co. v. Curry, 64 Texas, 85. The issue as submitted was then within the pleadings and proof, and could have operated no surprise."

In Houston & T. C. Ry. Co. v. Bird, 48 S. W., 756, it appeared that the plaintiff, a young woman, was a teacher, but it did not appear that she had ever taught. There was evidence, however, that before she sustained the injury she had made her own living and assisted her father to take care of his family; but the circumstances under which they lived, from which the jury could infer the value of the living which she had made for herself and of her services in assisting her father, were not shown. In sustaining assignments attacking as excessive the verdict of the jury and as erroneous a charge of the trial court authorizing the jury to consider in estimating her damages the plaintiff's lessened earning capacity, the Court of Civil Appeals for the First District said: "In order to authorize this element of damage to be submitted to the jury, there should be evidence tending to show what was the earning capacity before the injury, and the extent to which it has been affected. Upon the first point the evidence is wholly insufficient, and on the second it is not as clear as it might be. The physician testified very clearly and fully as to the nature of her injuries, and their effect upon her during the time he treated her. He also gave his opinion as to the probability of the continuance and permanency of such effects. But as to their permanency his opinion was not positive, and a considerable period elapsed after he had last seen her before the trial, during which no other doctor had treated her. As to her condition during this time, her own evidence is quite meagre. Whether she had been able to earn any money, or to follow in any degree her former avocations, there is no evidence. We do not mean to say that, if the evidence had been fuller as to her former earning capacity, there was not enough to authorize the court to submit the question of its impairment to the jury, but to point out the indefiniteness of the proof upon the latter as well as the former point. In the absence of evidence from which the jury could properly ascertain the amount of loss sustained in impairment of ability to earn money, it was error for

the court to submit this element to the jury, and because of the absence of such evidence we think also that the verdict was excessive."

In St. Louis S. W. Ry. Co. v. Smith, 38 Texas Civ. App., 507, plaintiff had alleged that as a result of injuries complained of he had lost the use of one of his eyes. He so testified on the trial. It further appeared from the evidence that he was 25 or 26 years old, that before he sustained the injuries he had been a farmer and had worked as section hand on a railroad, and that after he received the injuries he did not seem to be as "peart" as he was before he received them. The Court of Civil Appeals for the Fifth District, in sustaining an assignment based on the refusal of the trial court to instruct the jury not to take into consideration plaintiff's diminished capacity to earn money, and on the court's charge authorizing the jury to consider, in ascertaining plaintiff's damages, such diminished capacity, said: "While the evidence shows that appellee had worked on a farm and on a railroad section, it does not show or tend to show what was his earning capacity in either employment. So far as disclosed by the record, he was only employed by the day or month to work on the farm, and the evidence does not show the amount he received, or the value of his services, either as a farm laborer or section hand; nor were sufficient facts proven from which the value of such services could reasonably be inferred. It was not essential that the value of such services or the extent to which appellee's earning capacity had been affected should be established with exactness; for in the assessment of damages of this character the amount must necessarily be referred, in a measure, to the sound judgment and discretion of the jury. This does not mean, however, that their verdict may be the result and expression of a mere guess or conjecture. Although the plaintiff is not required to prove the amount, he is required to prove the facts from which the jury can determine intelligently the amount that will fairly compensate him for the loss sustained. The mere proof of previous avocation and the character of his injuries will not suffice. Houston & T. C. Ry. Co. v. Bird, 48 S. W., 756."

In St. Louis S. W. Ry. Co. v. Acker, 44 Texas Civ. App., 560, the plaintiff was a farmer and tomato grower. Whether as such he owned or rented land, and whether he cultivated one or a number of acres did not appear. One of the injuries he had suffered was to his arm, stiffening it at the elbow, etc. In sustaining an assignment complaining of the action of the trial court in instructing the jury to consider the plaintiff's diminished capacity to labor in determining the amount of his damages, the Court of Civil Appeals for the First District said: "There was no evidence to show what the plaintiff's earning capacity was before the injury, and any amount which the jury might fix as compensation for the diminution of that capacity would be purely speculative. In a case in which it is impossible to show definitely what the earning capacity of the injured person is no such proof would be required, but it is incumbent upon a plaintiff seeking to recover damages of this kind to show the nature and character of his business or employment with that degree of certainty of which the case is susceptible, and this is not done by the evidence in the instant case."

In Dallas Con. Elec. St. Ry. Co. v. Motwiller, 101 Texas, 515, the

plaintiff was a stenographer, employed as such at the time she suffered the injuries complained of, resulting in a shortening of one of her legs, etc., rendering it difficult for her to get about, and therefore necessary to ride to and from her work on street cars, whereas, before she sustained the injuries she could and did walk to and from her work. The evidence showed that the plaintiff after she had suffered the injuries and at the time of the trial was employed in her avocation as a stenographer, but it did not show what her earnings were as such either before or after she was injured. In her petition she had alleged that her injuries had impaired her capacity to earn money "at her ordinary occupation or any other for which she is qualified, during all the balance of her future life." The trial court instructed the jury in estimating her damages to consider her impaired ability to earn money, and it was insisted that there was no evidence from which the jury could properly and intelligently ascertain the amount of her loss in this respect. The Court of Civil Appeals of the Fifth District, being of the opinion that the evidence showed "a general impairment of capacity to earn money, but failed to show what could be earned in any particular avocation," certified to the Supreme Court the question: Was it "error for the court to charge the impairment of capacity to earn money as an element of damages?" At the same time and in connection with their question to the Supreme Court, said Court of Civil Appeals suggested: "There seems to be a conflict in the decisions of the Courts of Civil Appeals on this question," citing as holding one way Texas & P. Ry. Co. v. Bowlin, supra, and as holding another way, the other cases, to wit, Houston & T. C. Ry. Co. v. Bird; St. Louis S. W. Ry. Co. v. Smith; and St. Louis S. W. Ry. Co. v. Acker, mentioned above. In answering the question the Supreme Court (101 Texas, 515) stated that it was not clear that there was any conflict in the decision referred to, and further stated that it was not practicable "to lay down a general rule such as is called for" by the question. The Supreme Court further said: "The question being whether or not there was any evidence authorizing the submission of the element of damage from impairment of capacity to earn money, its decision must depend upon the evidence in the case in which the charge is given, and if there be anything in the evidence upon which the allowance of any sum, however small, can properly be made for such damages the objection to the charge is met. There are several elements of damage to be considered in suits for personal injuries. As to some of them it is practicable to prove the loss sustained with some degree of exactness. Such are doctor's bills, medicines, and the like. Of these the law requires such proof. In many cases the value of the time lost by the plaintiff may also be so proved, while in some such proof can not be made, as in case of a wife and mother performing the various duties of housekeeper. This is true also of earning capacity and of injury to it. The law only exacts the kind of proof of which the fact to be proved is susceptible, but it does exact that. The earning capacity of the plaintiff in this case as a stenographer was probably susceptible of definite proof. If it was otherwise, the facts which made it so should have been shown to have entitled her to have the jury estimate it in their

own judgment without fuller proof, and to allow full compensation as for a diminution in the amount of her earnings. Nevertheless, if there is evidence to show with sufficient definiteness the loss of any part of that which she would have earned but for her injuries, the submission of the element was justified. It appears that before she was hurt she could and did walk to and from her work, and that since her injuries she has been compelled to ride upon street cars. From their own general knowledge and experience the jury could say that this diminished to some extent the returns from her employment, and we think this evidence was as definite as should be required to show loss of earning power to the extent indicated by it. Evidence is adduced to put the jury in possession of facts from which they can determine the extent of impairment of earning power, and is not intended in itself to establish a fixed measure of damages. When the jury are informed of such a fact as that just stated, they have enough to enable them to allow something upon that score. That they are not so informed as to permit them to allow for the full extent of such loss is no reason for saying that they can not allow for the part of which they are sufficiently informed." In overruling the assignment, after this question had been so answered, the Court of Civil Appeals said: "The allegation of impaired capacity is to 'earn money at her ordinary occupation, or any other for which she is qualified, during the balance of her future life.' At the time of the trial she was engaged as a stenographer, but the proof does not show what salary she received before and after the injury. This would preclude a recovery for any special damages for impaired ability in that particular avocation, but we see no reason why a recovery could not be had for general impairment to earn money. Fordyce v. Withers, 1 Texas Civ. App., 545. . . . When a diminished capacity to earn money in a particular avocation is alleged to arise from a wrongful act, it is necessary to prove some facts from which the jury would be justified in determining the probable loss that would flow from such diminished capacity. Houston & T. C. Ry. Co. v. Bird, 48 S. W., 756; St. Louis S. W. Ry. Co. v. Smith, 38 Texas Civ. App., 507. But where there is a general allegation that the injury caused a diminished capacity to earn money in all ways and the evidence shows the party is so injured, is it not a proper element of damage to be submitted to the jury for them to determine from their general knowledge and experience the amount of such damages? To illustrate: Take a young man who has attended school up to his majority, and before he has time to pursue any avocation he is wrongfully injured to such an extent his ability to earn money is diminished, and that fact is fully established, could it be said that some particular facts should be further proven to form a basis from which the jury might reach a conclusion before the court would be authorized to submit such an issue? To do so it seems would deprive such a party of the benefit of an element of damages that is allowed by law. It is true that the evidence in this case does not show any basis for the recovery of any special amount for diminished capacity in the avocation of stenogra-

pher, but it did show in a general way that appellee's capacity was diminished for that as well as for all other avocations."

We have quoted at such length from the opinion of the courts in the cases cited, as illustrative of the fact made evident, we think, by a consideration of them that adjudicated cases in this State furnish little aid in determining the question made on this appeal; and as emphasizing, perhaps, the statement of the Supreme Court that it is not practicable to lay down a general rule in such cases. It will be noted that the facts in the Bowlin case did not appear to be materially different from those in the Smith and Acker cases. In each of them there was evidence showing the plaintiff's avocation in life and the infliction of injuries on him which in any avocation reasonably could be expected to so operate as to more or less diminish his capacity to earn money. In each of them there was an absence of any other evidence entitled to weight in estimating the damages he had suffered on account of such diminished capacity to earn money. Yet in the one a recovery was allowed, while in the other a recovery was denied. It also will be noted that the facts in the Bird case, where a recovery for such damages was denied, were not materially different from those in the Motwiller case, where the Supreme Court held it not to be error to submit to the jury an issue as to the plaintiff's lessened earning capacity. In neither the Bird nor the Motwiller case was there any evidence showing the earning capacity of the plaintiff either before or after the injury. It is true that in the Motwiller case it appeared that as the result of injuries incapacitating her from walking without difficulty it became necessary for the plaintiff to ride on street cars to and from her work, and so incur an expense she was not subject to before she sustained the injuries, and the Supreme Court seems to have given controlling weight to this fact in answering the certified question. But it occurs to us that such expense should not be taken into account on an issue as to diminished earning capacity. It created an additional demand on the plaintiff's earnings, but may not in the least have diminished the sum she was capable of earning.

Recurring to the case before us, it is clear, we think, that if the reasoning which controlled in the disposition made of the Smith and Acker cases should be applied to its facts the judgment now before us for review should be reversed. For here, as in those cases, the evidence may be said to go no further than to show the age and the previous avocation of the plaintiff and the character of her injuries. On the other hand, if the reasoning in the Bowlin and Motwiller cases should be applied, the judgment in the instant case should be affirmed. For here, as in those cases, while the evidence failed to show the plaintiff to be entitled to recover any specific amount as damages on account of a lessened capacity to earn money in her avocation as a nurse, it was sufficient to show that her capacity to earn money in that or any other avocation, in a general way, had been diminished. We are of the opinion that the reasons which allow are more satisfactory than those which deny a right of recovery in such case. A lessened capacity to earn money is recognized by the law as a basis sufficient for the recovery of such damages. To support a finding of a specific sum as representing such damages resulting to the plaintiff

in a particular avocation, it doubtless is correct to say that there should be other evidence than that which merely shows the avocation of the plaintiff and the character of his injuries. But when the injuries suffered are shown to be of such a nature as fairly to justify the conclusion that the plaintiff's capacity to earn money in any avocation has been thereby lessened, it seems to us that the right to a recovery of some amount as damages should be held to have been sufficiently established. Whether, in the event of a recovery, the amount allowed should be held to be supported by such testimony is another question. But on such evidence the plaintiff should, we think, be held to be entitled to recover at least nominal damages, and in the absence of an assignment attacking the verdict in such a case as excessive, we think it should be presumed in support of the judgment, that the jury found only nominal damages. The evidence in this case we think was sufficient to support a finding that Mrs. Niblack's capacity to earn money had been lessened as a result of the injuries she had suffered, and therefore was sufficient to support a finding in plaintiff's favor for nominal damages. An assignment attacking the verdict as excessive not having been presented on this appeal, we will presume in support of the judgment that if the jury found in plaintiff's favor on account of Mrs. Niblack's lessened earning capacity, they found only nominal damages. The judgment therefore will be affirmed

*Affirmed.*

Writ of error refused.