Missouri, Kansas & Texas Railway Company v. James N. Rogers.

Decided April 30, 1910.

### 1.—Master and Servant—Station Platform—Negligence—Evidence.

In a suit by a brakeman against a railroad company for damages for personal injuries received in the Indian Territory caused by the sloughing or crumbling of the edge of a station platform made of cinders, whereby plaintiff was thrown under a moving train and injured, evidence reviewed and held to raise an issue of fact whether or not defendant was guilty of negligence in the construction and maintenance of the platform, and the trial court therefore properly refused a peremptory instruction to return a verdict for the defendant.

### 2.—Negligence—Evidence—Common Knowledge.

No proof is required to be made of those things which every person is presumed to know, or of a fact necessarily resulting from facts proven. It is a matter of common knowledge that requires no proof, that a station platform made of cinders, elevated six inches above the general level, will crumble at the edges unless held by a retaining wall or plank, and a court may submit the question to the jury whether or not the construction and maintenance of such a platform without a retaining wall was negligence, although there was no evidence upon the subject.

**3.—Special Charge—Omission of Issues.**

A requested charge which makes the case hinge upon one issue to the exclusion of another of equal importance, is properly refused.

**4.—Assumed Risk—Question of Fact.**

Whether or not a servant assumes the risk of injury in the performance of his duties when he performs such duties in the usual and customary and most effective way, and fails to adopt a perfectly safe way, is a question of fact for the jury.

**5.—Depot Platform—Maintenance—Absolute Duty.**

The duty of a railroad company to construct and maintain its depot platform in a reasonably safe condition, is absolute and non-delegable; therefore any negligence on the part of its employes in that respect would be imputed to the company.

**6.—Indian Territory—Common Law.**

The Act of Congress of May 2, 1890, adopting chapter 20 of Mansfield's Digest of the laws of Arkansas for the Indian Territory, simply adopted the common law; and in actions arising in said Territory the construction placed thereon by the Supreme Court of the United States, must be followed.

**7.—Employer's Liability Act.**

Under the Act of Congress known as the Employer's Liability Act, a railroad company operating a railroad in the Indian Territory would be liable for the negligence of its section hands in the construction and maintenance of a depot platform in said Territory whereby a brakeman on one of its trains was injured.

Appeal from the District Court of Grayson County, Texas.  Tried below before Hon. B. L. Jones .

*Coke, Miller & Coke* and *Head Dillard, Smith & Head,* for appellant.

*Wolfe, Hare & Maxey,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On the 18th day of July, 1907, appellee instituted this suit against appellant for damages in the sum of $30,000 for personal injuries alleged to have been received by him at Wagoner, in the Indian Territory, on the 26th day of December, 1906, while in the employ of appellant as a brakeman.  It was alleged that appellee was on a freight train approaching the station of Wagoner when he discovered a hot box on his train; that it was his duty to cool the same; that in the performance of his duty he filled a bucket with water and stepped off of the engine, while it was moving, on to appellant's platform at Wagoner, and waited until the car with the hot box reached him, and that he ran along by the side of the train in the direction it was going attempting to cool the hot box, on the platform, which was made of cinders, and said platform crumbled and gave way, causing him to fall under the train, which so mashed his left foot as to render necessary the amputation of the same.  He alleged the negligence of appellant to be in the construction and maintenance of this cinder platform.  A trial resulted in a verdict and judgment for plaintiff, and defendant's motion for new trial having been overruled, it perfected an appeal.

It is contended in the first assignment that the trial court erred in refusing appellant's requested charge instructing a verdict for defendant. The proposition presented is that, in a suit by a servant against his master for damages for injuries received in the course of his employment, it is incumbent upon him to prove the negligence of the master, and in the absence of such proof the cause should not be submitted to a jury, and that in such a suit the doctrine of *res ipsa loquitur* does not apply. It is true that in a suit in the Indian Territory by a servant, for damages arising from injuries caused by the negligence of the master, the plaintiff must prove the negligence, and negligence will not be inferred from proof alone of the accident and injury. Such is the holding of the Supreme Court of the United States, the decisions of which court control in determining the common law in the Indian Territory. Texas & P. Ry. v. Patton, 179 U. S., 658; Missouri, K. & T. Ry. v. Wise, 101 Texas, 459. But we are of opinion that the evidence did show negligence on the part of the appellant in the construction of the cinder platform, and also in permitting it to remain in a defective condition after it was constructed. The platform at Wagoner is on the west side of the depot. About two hundred and fifty feet of the northern portion of the platform is of wood, and about three hundred and fourteen feet of the southern portion is of cinders. The cinder platform is of a uniform height of six inches, except where it slopes down to the end of the rails. There were no boards or planks or retaining wall of any kind around it. If the slope was sufficient it would not slough off when weight was applied to the top, and no retaining walls would be necessary. The proper slope of a cinder platform six inches high is from sixteen to eighteen inches. If it only has a six or eight-inch slope, it is insufficient. There was evidence that the cinder platform next to the rail had a slope of only six or eight inches, and that its edge along the rails had sloughed or frayed off. The evidence shows that as the train on which appellee was a brakeman approached Wagoner the morning of the accident, he discovered a hot box on one of the cars of the train. He was riding on the engine at the time, and the car which had the hot box was about five cars back from the engine. He took a bucket of water and got down from the engine and went along with the train, holding the edge of the bucket with his left hand and the bail in his right, and poured water on the hot box. After proceeding about twenty-five feet on the cinder platform the edge of the platform broke, or sloughed off, and caused him to stumble and fall under the train. It was necessary to cool the hot box in order to reduce its temperature and keep it from burning the brasses out and getting hot enough to possibly break the journal. The danger grows greater the longer a train with a hot box is operated. There was evidence that the best way to cool a hot box is to put water on it while the train is moving and the wheel is revolving. The train was running about six or eight miles per hour. At the time appellee received his injuries he did not know of the defective condition of the cinder platform. We conclude there was no error in refusing a peremptory instruction for defendant.

Error is assigned to the fourth paragraph of the court's charge

reading as follows: "If you believe from the evidence that on the occasion in question, as the train upon which plaintiff was working approached Wagoner there was a hot box on said train; and if you further believe from the evidence that it was plaintiff's duty to cool same, and that when said train reached the station at Wagoner plaintiff got off of the train on the platform by the depot with a bucket of water, and that while the train was running he moved along said platform in the direction the train was going for the purpose of pouring water on said hot box; and if you further believe from the evidence that while plaintiff was so doing, if you find he was so engaged, after he got on the cinder platform it sloughed off or caved in at the edge and caused plaintiff to fall and his foot and leg to get under the wheel or wheels of one of the cars of said train, and that he was thereby injured; and if you further believe from the evidence that said cinder platform, constructed as you find from the evidence it was constructed, was not reasonably safe, and was dangerous for defendant's employes to use in the performance of their work in operating trains at said point; and if you further believe from the evidence that in constructing and maintaining said cinder platform, as you find and believe from the evidence it was constructed and maintained, defendant was guilty of negligence, as this term has been hereinbefore defined to you; and if you further believe from the evidence that such negligence, if any, was the direct and proximate cause of plaintiff's injury, you will find for plaintiff and assess his damages under instructions hereinafter given you, unless you find for defendant under other instructions given you in charge by the court."

Three propositions are presented under this assignment. In the first, it is insisted that this charge was erroneous because the evidence fails to show any negligence on the part of the railway company in the construction of the cinder platform, and that negligence in the construction of the platform should not have been submitted to the jury. The second is, that the evidence fails to show any negligence on the part of the railway company in maintaining the cinder platform, and that negligence as to the maintaining of the platform should not have been submitted to the jury. In the third, it is insisted that the court erred in instructing the jury to find for appellee if "said cinder platform, constructed as you find from the evidence it was constructed, was not reasonably safe, and was dangerous for defendant's employes to use in the performance of their work in operating trains at said point," if appellant was negligent "in constructing and maintaining said cinder platform, as you find and believe from the evidence it was constructed and maintained;" that the court should have defined the kind of construction and maintenance that would give a cause of action, and have confined the jury to that kind of construction and maintenance. These propositions are not sustained. The charge was correct.

There was evidence showing that the cinder platform was negligently constructed. The expression "constructed and maintained," as used in this paragraph of the charge, meant the manner in which it was constructed and the continued use of the platform by appellant in such condition. There being evidence to the effect that the plat-

form had been originally constructed with a smooth and even edge on the west; that appellant had negligently permitted it to slough off in places and become uneven and consequently more dangerous, the court correctly instructed the jury with reference to the duty of appellant to not only use ordinary care in its construction, but also in its maintenance. There being evidence to the effect that the west wall of the cinder platform was built so precipitous as to permit the sloughing of the edge, and it being a matter of common and universal knowledge that, if a proper retaining wall had been constructed and maintained, it could not have given way, and the evidence further showing that there was no retaining wall, it would have been error for the court to have denied the jury the right to conclude that appellant was guilty of negligence in constructing that kind of a cinder platform without a retaining wall. Texas & P. Ry. Co. v. Curry, 64 Texas, 88; 6 Thompson on Negligence, sec. 7629. There was no request for additional instructions defining the kind of construction and maintenance that would give a cause of action.

Nor did the court err, as contended by appellant in its third assignment of error, in refusing its requested charge reading as follows: "If you believe from the evidence that plaintiff's injuries were caused by the edge of the pile of cinders crumbling, and that the same crumbled because there was no plank or retaining wall around said pile of cinders, then you will return a verdict in favor of defendant." This charge was on the weight of evidence. It in effect instructs the jury that the failure to place a retaining wall along the cinder platform would not constitute negligence on the part of appellant. This was a question of fact for the jury. But it is contended by appellant that there was no evidence to show that if there had been a retaining wall the platform would have been rendered safe. No proof is required to be made of those things which every person is presumed to know, or of a fact necessarily resulting from facts proven. It is a matter of common knowledge that a cinder platform such as the one in question, provided with a proper retaining wall, could not slough off at the edge, and to have excluded this fact from the consideration of the jury as requested in the special charge would have been error. Railway Co. v. Curry, *supra;* Thompson on Neg., *supra.*

Error is assigned to the action of the court in refusing appellant's special charge reading as follows: "In this case you are instructed that, if you believe from the evidence there was a defect in defendant's platform which caused plaintiff to fall and receive his injuries, you still can not find in favor of the plaintiff unless such a defect would have been discovered by a person of ordinary care, and would have been considered by a person of ordinary care such a defect as would likely cause injury to some of its servants using said platform in the discharge of their duties, and would have been discovered by a person of ordinary care in such time by the exercise of ordinary care to have remedied the same."

We held on the former appeal of this case that the court did not err in refusing said charge, for the reason it ignored the issue of negligence in the construction of the platform. We see no reason why

we should depart from this holding.    Missouri, K. & T. Ry. Co. v. Rogers, 54 Texas Civ. App., 165 (117 S. W., 914).

Error is assigned to the court's action in refusing appellant's special charge reading as follows: "If you believe from the evidence that at the time plaintiff was hurt, that the pile of cinders was not piled according to the standard that the railroad maintained for piling cinders by its tracks; still, if you believe from the evidence that said platform in the condition it was in was as safe for the purpose for which it was being used by plaintiff at the time he was injured as if the said cinder pile had been maintained according to said standard, and that the same was reasonably safe for such purpose, then you will find for defendant."    There was no error in refusing this charge for the reason it was fairly covered by the court's main charge.

Error is assigned to the court's action in refusing appellant's requested charge No. 3, reading as follows:    "The undisputed evidence in this case showing that plaintiff attempted to cool a hot box while the train was moving, and that the method pursued by plaintiff was a dangerous method, and that it would have been practicable and reasonable for plaintiff to have waited until the train stopped to cool said hot box, and that if he had so waited there would have been no danger attendant upon the cooling of the same, and plaintiff voluntarily chose a dangerous way to perform said work when a safe way was known to him, you will therefore return a verdict in favor of the defendant."

It is contended that when a servant voluntarily undertakes to perform his work in a dangerous way when a reasonably safe way is open to him, he assumes the risk of danger incurred in the way selected.    There was no error in refusing this charge.    There was evidence to the effect that appellee, in attempting to cool the hot box while the train was moving, was performing the work in the better as well as the usual and customary way, and that, but for the negligence of appellant in the manner it constructed and maintained said platform, appellee would not have been injured.    The question of whether or not appellee was guilty of contributory negligence in performing the work in the manner in which he did perform it was a question for the jury, and was correctly submitted to the jury by the court.    The jury were instructed in the court's main charge that, "If you believe from the evidence that, in attempting to cool the hot box by moving along the platform to pour water on said hot box as the train was running, instead of waiting until the train stopped, plaintiff was guilty of negligence, . . . you will find for the defendfendant."    Missouri, K. & T. Ry. Co. v. Rogers, 54 Texas Civ. App., 165 (117 S. W., 914) ; Missouri, K. & T. Ry. Co. v. Wall, 102 Texas, 362.

Error is assigned to the court's action in refusing appellant's special charge No. 10, reading as follows:    "If you believe from the evidence that the cinder platform at Wagoner was in a defective condition, and that said defective condition was due to the negligence of defendant's section foreman and section hands in failing to inspect and discover the condition of said platform and repair the same; and you further believe from the evidence that defendant had provided

said section foreman and section hands to inspect and repair said platform, then you are instructed that such section foreman and hands were the fellow servants of plaintiff and (defendant) would not be liable for the negligence of such section foreman and hands, and if you so believe you will return a verdict in favor of the defendant." The proposition presented under this assignment is that it was the intention of Congress by the Act of May 2, 1890, in adopting chapter 20 of Mansfield's Digest of the Laws of the State of Arkansas for the Indian Territory, to adopt the common law as construed and announced by the courts of Arkansas as a part of a system of laws for that country. This proposition is not sustained. The duty of appellant to construct and maintain the platform in a reasonably safe condition was absolute and non-delegable, and therefore any negligence on the part of the servants charged with constructing and maintaining the platform in a reasonably safe condition was the negligence of appellant. Missouri, K. & T. Ry. Co. v. Keefe, 37 Texas Civ. App., 588 (84 S. W., 682); Missouri, K. & T. Ry. Co. v. Wise, 101 Texas, 459; Union Pac. Ry. Co. v. O'Brien, 161 U. S., 451; Railway Company v. Harder, 156 U. S., 684. The Act of Congress of May 2, 1890, adopting chapter 20 of Mansfield's Digest of the Laws of the State of Arkansas for the Indian Territory, simply adopted the common law. In an action arising in said Territory depending upon the common law, the construction placed thereon by the Supreme Court of the United States should be followed in determining the rights of the parties. Hough v. Texas & P. Ry. Co., 100 U. S., 213; Gardner v. Michigan Cent. Ry. Co., 150 U. S., 358; Railway Company v. Wilhoit, 6 Ind. Ter., 534; Missouri, K. & T. Ry. Co. v. Wise, 101 Texas, 459.

Again, the Act of Congress, June 11, 1906, known as the Employers' Liability Act ,was in force in the Indian Territory at the time appellee was injured. Under it appellant is liable for the negligence of its section foreman and section hands, whose duty it was to construct and maintain in proper repair the platform where appellee was injured, hence the special charge requested was properly overruled. Hyde v. Southern Ry. Co., 31 App. D. C., 466; Hanley v. Kansas City So. Ry. Co., 187 U. S., 617; Gutierrez v. El Paso & N. E. Ry. Co., 102 Texas, 376.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.