WESTERN UNION TELEGRAPH COMPANY V. KELLY HOFFMAN ET AL.

No. 3095.

1. **Contributory Negligence.** — Suit for failure to deliver a message whereby plaintiff failed to get medical assistance. Nine days after the dispatch was sent the physician saw the plaintiff and advised against an attempt to set a broken or disjointed elbow. The elbow joint remained stiff. There was conflicting testimony whether the joint could have been reset when the physician saw the plaintiff nine days after the injury. *Held,* the verdict was conclusive that under the circumstances the break could not have been reset.

2. **Same — Failure to Obtain Other Surgical Aid.** — Plaintiff, aged 15 years, had his arm broken or dislocated at the elbow. A physician was telegraphed for— could have reached plaintiff in twenty-four hours. The message was never delivered, and the physician saw the plaintiff nine days after the dispatch was delivered to the telegraph company. The parents of the plaintiff did not repeat the telegram nor make any effort to obtain other necessary surgical aid. *Held:*

1. The failure to obtain other surgical aid was negligence, such as to prevent the parents from a recovery of damages.

2. But such negligence of the parents can not be interposed as a defense to bar a recovery for the benefit of the minor.

3. The question of negligence by the minor is for the jury under all the circumstances in evidence.

3. **Personal Injuries Suffered by Minor.** — In this case plaintiff, aged 15, had his arm broken at elbow. The father was absent. Dispatch was sent for the family physician but never delivered. *Held,* it may be well doubted whether a child of that age had sufficient experience to correctly estimate the consequences of the failure to have his injured arm treated, especially when his mental and physical condition caused by the injury are considered. A recovery by the minor is sustained.

APPEAL from Montgomery. Tried below before Hon. James Masterson.

The opinion states the case.

*Stewart & Stewart,* for appellant.—1. One who is injured by the mere negligence of another can not recover at law or in equity any compensation for his injury if he by his own or his agent's ordinary negligence or willful wrong proximately contributed to produce the wrong. It is a salutary principle of law that every one as far as practicable should

endeavor to avert the danger which may be occasioned to him by the wrongful act of another; that he should not suffer damages to accumulate which by reasonable exertion he might have avoided. The question is not whether the fault of the plaintiff caused the injury, but whether it contributed to it. Railway v. Cole, 66 Texas, 562; Railway v. Best, 66 Texas, 116; Brandon v. Manufacturing Co., 51 Texas, 121; Telegraph Co. v. Neill, 57 Texas, 283; Womack v. Telegraph Co., 58 Texas, 182; Champion v. Vincent, 20 Texas, 816; Railway v. Smith, 52 Texas, 183; Railway v. Smith, 59 Texas, 406; Railway v. Wallen, 65 Texas, 568; Railway v. Clemmons, 55 Texas, 88; Railway v. Richards, 59 Texas, 373; Railway v. Murphy, 46 Texas, 365; 6 Wait's Act. and Def., p. 583; Beach on Con. Neg., secs. 7, 19, 36; Whart. on Neg., chap. 9; Shearm. & Redf. on Neg., secs. 25, 37, chap. 3; 1 Sedg. on Dam., 7 ed., 164, 165; Given v. Telegraph Co., 24 Fed. Rep., 119; Passmore v. Telegraph Co., 78 Pa. St., 238; Dix v. Brown, 41 Miss., 131; Railway v. Cadow, 120 Pa. St., 559; Rice v. Powell, 44 Mo., 436; Railway v. McClelland, 42 Ill., 355; Heavilen v. Kramer, 31 Ind., 241; Mathew v. Butler County, 28 Iowa, 253; Coombs v. Purrington, 42 Me., 332; Murphy v. Dean, 101 Mass., 455; Willard v. Pinard, 44 Vt., 34.

2. A person fifteen years of age must exercise ordinary and due care to avert damages caused by the negligence of another, and can not recover if he has been guilty of contributory negligence. Nagle v. Railway, 88 Pa. St., 35; Dietrich v. Railway, 58 Md., 347; Coal and Iron Co. v. Brawley, 83 Ala., 371; Achtenhagen v. Watertown, 18 Wis., 331; Plumley v. Birge, 124 Mass., 57; Railway v. Delaney, 82 Ill., 198.

3. The negligence of a person who has actual control of the personal conduct of plaintiff is imputed to plaintiff. So if the parent or guardian of a child keeps it in a position known to such guardian to be dangerous, the child is chargeable with the negligence of such person in whose care he is. Whenever the child is in the actual custody and control of the parent or guardian, any negligence contributing to the injury of which such custodian may have been guilty must be imputed to the child in an action by or for the benefit of the child for damages suffered by reason of the negligence of another. Railway v. Greenlee, 70 Texas, 553; Waite v. Railway, El., Bl. & El., 719; Stillson v. Railway, 67 Mo., 671; Beach on Con. Neg., 130–132; Morrison v. Railway, 56 N. Y., 302; Shearm. & Redf. on Neg., 53, 57; Carter v. Towne, 98 Mass., 567; Holly v. Gas Light Co., 8 Gray, 132; Carlisle v. Sheldon, 38 Vt., 440; Railway v. Miller, 25 Mich., 273; Railway v. Stratton, 78 Ill., 88; Peirce on Railroads, 283; Lonnen v. Gas Co., 46 Barb., 264; Allyn v. Railway, 105 Mass., 77.

*W. P. McComb*, for appellees.— 1. Contributory negligence is not imputable to the faithful party to a contract for mere reliance, however implicit, in the fidelity of the other party to it; when he has suffered

injury by the infidelity to contract duty and gross negligence of such other party. The mere fact of trusting in the faithfulness of another to perform a contract duty does not subject one who is injured by such other's breach to the rules of law applicable to contributory negligence when the continuing cause, both of the injury and continuous trust and faith of the injured party, is the negligence of the breaching party. Telegragh Co. v. Varnau, 15 Atl. Rep., 624; Jennings v. Van Schaick, 15 N. E. Rep., 424; Christian v. Erwin, 17 N. E. Rep., 707; Flater v. Fey, 38 N. E. Rep., 656; Nugent v. Boston C. & M. R. Corporation, 12 Atl. Rep., 797; Railway v. Arnold, 4 South. Rep., 359.

2. A telegraph company having contracted and received due payment for the transmission and delivery of a message, with full notice of the importance of its speedy delivery, can not exempt itself from liability to one to whom it owes the service and who has been injured by its gross negligence and default in the matter of its delivery, by the fact that such person relied on its contract and believed that such company would perform its duty and deliver the message, and will not be permitted to impute contributory negligence to such person on account of an expectant delay of which its own gross negligence was the inducement and continuing cause. Sheffield v. Telegraph Co., 36 Fed. Rep., 164.

3. One who is injured and disabled and who is suffering great pain and anguish, whether he be 14 or 40 years of age, is not chargeable with that degree of care to avert damages which is required of persons in perfect health. Bisaillon v. Blood, 15 Atl. Rep., 147; Connolly v. Ice Co., 21 N. E. Rep., 101.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by August Hoffman for himself and as next friend of his minor son Kelly Hoffman, to recover damages caused by the neglect of the defendant to deliver the following telegraphic message:

"SPRING, TEXAS, August 6, 1889.

"*To Doctor Dutton, Conroe, Texas:*

"Come on first train; Kelly Hoffman broke his arm.

[Signed]                                   "HENRY HUGHES."

The father of Kelly was away from home when his son was hurt, and the message was sent by direction of his wife, the mother of the boy. The message was received at Conroe, where Dr. Dutton lived, on the day that it was sent, but was not delivered to him until he inquired for it of the agent of the defendant on the 15th of the same month. No excuse for the failure to deliver it was offered.

Kelly was 15 years old when he was hurt. His injury was a dislocation of his arm at the elbow. Dr. Dutton was the physician of plaintiff's family, and testified that if the dispatch had been delivered to him

he would have responded to it within twenty-four hours and would have reset and saved the arm. The testimony shows that the same thing could have been done at any time within a few days after the injury occurred.

No other dispatch was sent and no further effort was made to procure the aid of Dr. Dutton or any other physician. Nothing seems to have been done to remedy the dislocation, and the result followed that when the wound healed it left the arm stiff and permanently disabled.

On the 15th day of August, or nine days after the injury occurred, Dr. Dutton happened to be passing by the residence of the parents of the youth and was seen and called in. He then examined the arm but did not undertake to treat it. He testified that it was then too late to reset it, and that the attempt to do so would have been attended with great danger to the patient. He was corroborated in this particular by the evidence of another physician who saw the patient at the same time that he did; but his opinion was disputed by several physicians who testified as experts, and who stated that the dislocation, in their opinion, could have been remedied at the date of the visit of Dr. Dutton, and that it should have been then attempted.

The defendant pleaded contributory negligence.

Upon the verdict of a jury judgment was rendered in favor of the father for $900, and in favor of his son for $4125. No question was made with reference to the joinder of the two causes of action.

The charges and other rulings of the court except upon its motion for a new trial were favorable to the defendant.

The only question that we deem it necessary to consider is whether the defense of contributory negligence was made out. Upon that issue we think it sufficient to say with regard to the contention that the arm could have been reset and cured nine days after it was injured, when Dr. Dutton first saw the patient, that the evidence was conflicting and it was a question for the jury to consider and decide.

Upon the other question, viz., the failure to send another message to Dr. Dutton or procure other medical assistance, which would naturally have suggested itself to any person of ordinary prudence and intelligence, we think the evidence clearly shows that the permanent character of the injury must be attributed to a want of proper care upon the part of the parents of the injured boy. The evidence shows that proper care upon their part, after it became evident that Dr. Dutton from some cause would not respond to the message to him, would have either procured his attendance or the assistance of another physician, and we find in the record no evidence whatever, proper to be considered, to excuse the want of diligence of the parents.

Because of such contributory negligence no verdict should have been rendered in favor of the father of the minor for his own benefit, and the one so rendered should have been set aside upon defendant's motion.

Railway v. Coon, 69 Texas, 730; Railway v. Young, 60 Texas, 201; Beach on Con. Neg., 137.

But the negligence of his parents can not be interposed as a defense to bar a recovery for the benefit of the minor. Williams v. Railway, 60 Texas, 205; Railway v. Moore, 59 Texas, 64; Beach on Con. Neg., sec. 43, 44. The contributory negligence that precludes him from a recovery must be that of the minor himself, and whether it existed or not was a question for the jury to decide, taking into their consideration the age and situation of the minor and all other circumstances connected with the case. Evansich v. Railway, 57 Texas, 126; Railway v. McWhirter, 77 Texas, 356; Cook v. Direct Nav. Co., 76 Texas, 353.

In the case of Plumly v. Birge, which was an action of tort by a minor 13 years old for an injury done him by a dog which he caused to bite him by striking him, the Supreme Court of Massachusetts said: "It was necessary that the plaintiff, though a boy, should prove that he was in the exercise of due care. But due care on his part did not require the judgment and thoughtfulness which would be expected of an adult under the same circumstances. It is that degree of care which could reasonably be expected from a boy of his age and capacity. If the court had ruled that if the plaintiff was old enough to know that striking the dog would be likely to incite him to bite, he could not recover, it would have been erroneous. This is not the true test. It entirely disregards the thoughtlessness and heedlessness natural to boyhood. The plaintiff may have been old enough to know, if he stopped to reflect, that striking a dog would be likely to provoke him to bite, and yet in striking him he may have been acting as a boy of his age would ordinarily act under the same circumstances." 124 Mass., 57.

In the case before us it may be well doubted whether a child 15 years old had sufficient experience or discretion to correctly estimate the consequences of the failure to have his injured arm properly treated, especially when his mental and physical condition caused by the injury are considered. The evidence shows that his wound required the treatment of a skillful physician. The employment of one involved an obligation, by a contract express or implied, to pay for his services. If it be conceded that the circumstances were such that he could have procured the required attention at the expense of his father, it still can not be maintained that his failure to do so was such negligence as should be held to preclude his recovery and absolve the defendant from liability for its undisputed negligence.

We think the judgment should be affirmed as to the minor Kelly Hoffman, and reversed and the cause be remanded as to the individual judgment in favor of August Hoffman, and it will be so ordered.

*Affirmed in part.*
*Reversed and remanded in part.*

Delivered March 24, 1891.

*Stewart & Stewart,* for appellant, argued a motion for rehearing.

*W. P. McComb,* resisting.

The motion was transferred to Austin, and there refused.