SOUTHERN PACIFIC COMPANY v. H. C. MARTIN.

No. 1378. Decided December 12, 1904.

**Pleading—Injury to Person.**

A petition giving detailed particulars of the injuries to plaintiff's person, alleging various bones to have been broken and that he was "bruised and lacerated from head to foot" and "his hip, knee and ankle joints whenever he arises from his bed in the morning are swollen and greatly stiffened," was insufficient to admit evidence of a fracture of or injury to the head of the femur and consequent shortening of the leg, not specifically alleged. (Pp. 323-326.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

Martin sued the railway company and recovered. Defendant appealed, and on affirmance obtained writ of error.

*Baker, Botts, Parker & Garwood* and *Beall & Kemp,* for plaintiff in error.—In order to admit evidence such as that objected to, it was necessary for plaintiff to allege, substantially, that his left femur was fractured and his left leg shortened by reason of the accident described in his petition.

In order to "admit proof of damages which do not necessarily result from the injury alleged, the petition must set up the particular effects claimed to have followed the injury." Campbell, Receiver, v. Cook, 86 Texas, 632; Texas & P. Ry. Co. v. Curry, 64 Texas, 87. See also authorities under next proposition.

A general allegation of damages will let in proof of all such damages as naturally and necessarily result from the wrong complained of; but where the damages sustained do not necessarily result from the act complained of the plaintiff must state the particular damage which he has sustained, for notice thereof to the defendant; otherwise he will not be permitted to give evidence of it on the trial. Texas & P. Ry. Co. v. Curry, 64 Texas, 87; Campbell, Receiver, v. Cook, 86 Texas, 632; International & G. N. Ry. Co. v. Thompson, 37 S. W. Rep., 24; International & G. N. Ry. Co. v. Beasley, 9 Texas Civ. App., 571; Missouri K. & T. Ry. Co. v. Cook, 8 Texas Civ. App., 382; Galveston H & S. A. Ry. Co. v. Scott, 18 Texas Civ. App., 323; Fort Worth & D. C. Ry. Co. v. Rogers, 21 Texas Civ. App., 608; Moore v. Anderson, 30 Texas, 230; 2 Greenl. on Ev., sec. 254; 3 Suth. on Dam., 426; 2 Sedg. on Dam., 606.

*Patterson & Buckler,* for defendant in error.—The testimony of the two doctors, Mellish and Gallagher, was properly admitted by the court, and the allegations of plaintiff's petition were sufficient to admit this proof of injury to appellee's hip and the consequent shortening of his leg. International & G. N. Ry. Co. v. Bibolet, 24 Texas Civ. App., 6; St. Louis S. W. Ry. Co. v. Kelton, 66 S. W. Rep., 887; Missouri K. &

T. Ry. Co. v. Mayfield, 68 S. W. Rep., 807; Missouri K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 174; Gulf C. & S. F. Ry. Co. v. Mannewitz, 70 Texas, 73; Missouri P. Ry. Co. v. Mitchell, 75 Texas, 81; Missouri K. &. T. Ry. Co. v. Follin, 68 S. W. Rep., 810; St. Louis S. W. Ry. Co. v. Brown, 69 S. W. Rep., 1010; Missouri K. & T. Ry. Co. v. Hawk, 69 S. W. Rep., 1037; Missouri K. & T. Ry. Co. v. Walden, 46 S. W. Rep., 87; San Antonio & A. P. Ry. Co. v. Weigers, 22 Texas Civ. App., 344; Missouri K. & T. Ry. Co. v. Huff, 32 S. W. Rep., 551; Texas C. Ry. Co. v. Stewart, 1 Texas Civ. App., 642; Missouri P. Ry. Co. v. Mitchell, 72 Texas, 171; Fordyce v. Moore, 22 S. W. Rep., 235.

BROWN, ASSOCIATE JUSTICE.—We copy the following statement of the case from the opinion of the honorable Court of Civil Appeals:

"Appellee sued the Galveston, Harrisburg & San Antonio Railway Company and appellant to recover damages arising from personal injuries inflicted upon him through the negligence of the two companies. The trial resulted in a verdict and judgment in favor of the first named railway company and against appellant for $8000.

"Appellee was on a train belonging to appellant, as a guard for Wells Fargo Express Company, and was injured by a collision between the train on which he was riding and another passenger train moving in an opposite direction. Appellant was damaged in the sum found by the jury. The collision occurred through the negligence of appellant.

"The petition alleged personal injuries as follows:

"'His body was bruised and lacerated from head to foot by heavy boxes and other articles falling upon him. That his collar bone was broken and dislocated, the left clavicle being broken or dislocated so that the same has never properly united or healed up. That his right shoulder blade was broken; that five ribs on his left side were broken; that he was struck in the mouth and a plate in the upper part of his mouth knocked out; that he was badly ruptured on his left side, and that on account of said rupture three separate and distinct surgical operations were performed upon him, and in order that same might be performed he was put under the influence of chloroform, and when the last operation was performed, owing to his weakened condition, he came very near dying. That his left arm was injured to such an extent that he has lost the use of the same. That his chest was crushed in and flattened, and his chest has never assumed its original shape, and is now depressed, and he suffers from pain continually in his chest, particularly when he lies down, and he has a feeling of suffocation, and his lungs were injured and they are continually sore, and that his spine is injured from below his shoulders, and he suffers constant pain in his back and hips, and his power of locomotion has been greatly impaired. That his head was badly cut and he was cut on the throat. That his back and spine were badly injured and his eyes were injured so that his sight is greatly impaired. That when said collision occurred

he was pinned down by heavy boxes falling upon his limbs and body, and that fire from the engines escaped and set on fire the demolished cars and passenger coaches, and before he was extracted from said wreck the fire had gained great headway and it burned within a foot or two of plaintiff, burning the hair on his head, and he had no hope of being extracted from said wreck before said fire would consume him. That owing to his perilous condition and owing to the severe shock his mind and nervous system has become greatly and permanently impaired and his mind and memory have become impaired. That his nervous system is shattered to such an extent that he can not sleep at nights. That he has constant pain in his head, shoulder and back on account of his injuries. That on account of said injuries his hip, knee and ankle joints, whenever he arises from his bed in the morning, are swollen and greatly stiffened so that it is with great difficulty that he can walk without the aid of a cane until he has had a sufficient amount of light exercise to abate said stiffness and swelling of his joints.'

"Dr. Mellish, a witness, testified: 'I found evidence of fracture of the neck of the left femur thigh bone; by measurement and inspection * * * the left leg is three-fourths of an inch shorter than the right one.'

"Dr. Gallagher also testified: 'He has a shortening of the left leg, probably due to an impaction at the hip joint, or fracture somewhere about the pelvis. That, of course, is not positive. I can not be certain as to the cause of the shortening; but that is my judgment as to the cause, taken in connection with the history of the accident. The shortening of the leg I believe to be due to an impairment of the femur, or neck of the femur, or head of the thigh bone or pelvis—one of those two causes—and an impairment of the movement of the functions to that extent. There is about three-fourths of an inch shortening on the left side. That would not necessarily at all cause atrophy, and, in my judgment, there is no atrophy in the left leg. He is a little smaller in all measurements on the left side, but in a right-handed man that would be expected, and I do not regard those differences as of so much consequence as the shortening of the leg.' 'The hip of a man is made up of the thigh bone and the pelvis bones and surrounding tissues. The bones that constitute the hip are the pelvis bone and the femur. The socket is a part of the hip, and the femur is embraced in the hip bone. The head of the femur is a part of the hip, entering into the formation of the hip joint. The socket would be a part and the head of the femur would be a part of the hip.' "

There is but one question presented by the application; that is, that the District Court erred in admitting the testimony of the two physicians to show an injury to plaintiff's hip and the shortening of his limb because there was no allegation in the petition under which the evidence was admissible. The rule upon this subject is well stated by Judge Stayton in the following language: " 'The general allegation

of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damage; that is, damages of that sort, and proof only is necessary to show the extent and amount. But where damages actually sustained do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his declaration the particular damage which he has sustained, for notice thereof to the defendant; otherwise the plaintiff will not be permitted to give evidence of it on the trial.' (Citing 3 Suth. on Dam., 426.) The same rule is adopted by Mr. Sedgwick, who refers to the more enlarged and particular statement of the rule made by Mr. Chitty as the correct rule and exposition of the reasons on which it is based. (Citing 2 Sedg. on Dam., 606.) This is a just rule of pleading; for it requires the person seeking relief, by his pleadings, to inform the adverse party of the facts upon which he intends to rely for a recovery, thereby avoiding surprise." Texas & P. Ry. Co. v. Curry, 64 Texas, 87; Campbell, Receiver, v. Cook, 86 Texas, 632.

More especially applicable to this case is this rule: "While it may be sufficient to specify the main fact, yet if it is attempted to particularize the injuries arising from the principal one, all that it is designed to prove should be alleged." 16 Enc. of Pl. and Prac., 380; Pinney v. Berry, 61 Mo., 365, 366; Smith v. McConathy, 11 Mo., 524; International & G. N. Ry. Co. v. Beasley, 29 S. W. Rep., 1121.

After making the general allegation, "his body was bruised and lacerated from head to foot by heavy boxes and other articles falling upon him," the petition entered with remarkable particularity into the statement of the various injuries which the plaintiff claimed to have received in the accident, which were sufficient in number and character to justify, if true, the statement that he was "bruised and lacerated from head to foot," and one reading the petition is impressed with the view that the pleader intended to specify in what manner his "body was bruised and lacerated from head to foot." Having undertaken to state particularly the injuries which were received and the consequences which flowed from each injury, it was important to the defendant that the plaintiff should be confined to the allegations in his petition; otherwise the railroad company would be utterly without any guide in the preparation of its defense. We have examined carefully the averments of the petition and we find no statement to the effect that there was a fracture of the femur or thigh bone, or that there was any shortening of the limb, nor an allegation of any injury from which they would necessarily result. The allegation "that on account of said injuries his hip, knee and ankle joints, whenever he arises from his bed in the morning, are swollen and greatly stiffened so that it is with great difficulty that he can walk without the aid of a cane until he has had a sufficient amount of light exercise to abate said stiffness and swelling of his

joints," clearly indicate that the condition of plaintiff's hip arose from injuries previously alleged in the petition.

The trial court erred in admitting the testimony, because there is no sufficient allegation to notify the defendant that damages for such injury would be claimed, and the Court of Civil Appeals erred in affirming the judgment; wherefore the judgment of the District Court and of the Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*