## SOUTHWESTERN BELL TELEPHONE CO. v. DOELL. (No. 11892.)

Court of Civil Appeals of Texas. Fort Worth. Dec. 23, 1927.

1. **Municipal corporations ⊚⇒706(6)—Evidence that no signal was given by driver backing truck into automobile held for jury.**

Evidence *held* sufficient, as against contention that peremptory instruction should have been given, to sustain conclusion by jury that no signal was given by driver who backed truck into automobile, injuring boy riding as passenger.

2. **Evidence ⊚⇒472(11)—Testimony of witnesses as to effect of blow struck sedan held inadmissible as statements of conclusions from facts within province of jury.**

Testimony of witnesses, one running automobile repair shop, and another qualifying as expert, that blow struck sedan which bent body would have broken glass in sedan, was inadmissible as statement of conclusion from facts which were wholly within province of jury.

3. **Damages ⊚⇒158(2)—Admitting testimony as to injuries received by child, not alleged in petition, over objection was error.**

Admitting testimony of mother of little child, injured while riding in automobile which was struck by truck, that child was cut on mouth and gristle formed therefrom, and as to effect of such injuries on the child, over objection, where no allegation of such injury was made in petition, was error, since plaintiff, having attempted to specify injuries received, was precluded from offering evidence of other injuries over objection.

4. **New trial ⊚⇒143(1)—Since enactment of statute, rule that jury cannot impeach own verdict has been abrogated (Rev. St. 1925, art. 2234).**

Since enactment of Rev. St. 1925, art. 2234 (Acts 1905, c. 18), providing, where ground of motion for new trial is misconduct of jury, court shall hear evidence from jury or others in open court, the old rule that in civil cases a jury cannot impeach its own verdict, has been abrogated.

5. **Negligence ⊚⇒93(1)—Contributory negligence of driver of automobile held not imputable to child riding.**

Where six year old boy was injured while riding in automobile driven by older brother, alleged to have been contributorily negligent in

driving automobile at excessive rate of speed when struck by truck, *held* that negligence of driver, if any, was not imputable to child.

Buck, J., dissenting in part.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by Oscar T. Doell, Jr., by his father, Oscar T. Doell, Sr., as next friend, against the Southwestern Bell Telephone Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Nelson Phillips and C. M. Means, both of Dallas, and Mathis & Caldwell, of Wichita Falls, for appellant.

Irvin J. Vogel and C. K. Walsh, both of Wichita Falls, and E. W. Napier, of Harlingen, for appellee.

BUCK, J. Oscar T. Doell, Jr., by his father, Oscar T. Doell, Sr., as next friend, sued the Southwestern Bell Telephone Company, and for cause of action alleged that plaintiff, accompanied by his mother, Mrs. Alice E. Doell, and his brother, John Doell, while lawfully proceeding along Holliday avenue in the city of Wichita Falls in a northerly direction, in a Ford sedan, driven by John Doell, and as the car was approaching the intersection of Thirteenth street and Holliday avenue, was injured by a truck, belonging to the defendant, backing into the car in which plaintiff was riding; that the truck was either standing or moving slowly in a northerly direction along the right-hand side of Holliday avenue, and that, when said truck was about 30 feet north of the intersection of said Thirteenth street and Holliday avenue, the driver of the car in which plaintiff was riding turned the car to the left for the purpose of passing said truck, and that, while in the act of attempting to pass said truck, the driver of said truck suddenly backed said truck rapidly and directly across Holliday avenue in such a manner as to cause the rear of said truck to strike the right-hand side of the car in which plaintiff was riding with great force and violence, and in such a manner as to produce the injuries for which the suit was filed; that said truck was loaded with tools and equipment belonging to the defendant company, and, among other things, contained a number of long pipes and other iron or steel objects protruding two or three feet to the rear of the body of the truck; that said pipe or rods were driven into the car in which plaintiff was riding, causing a number of holes entirely through said car, and breaking the plate glass window on the right-hand side of the Ford sedan; that the force with which said truck struck the car in which plaintiff was riding was of such violence as to suddenly stop the Ford sedan, and it skidded some 12 or 18 inches to the side; that plaintiff was sitting in the rear seat of the sedan,

and was cut and bruised about the face and head by said broken glass, and severely shocked and frightened.

Plaintiff alleged that, as a direct and proximate result of the negligence of the defendant and its employees, he was greatly frightened, and suffered a very severe nervous shock, and sustained a cut across his nose and cheek, and a slight cut on his forehead; that, as a result of said injuries, he had suffered up to the time of the filing of the suit great physical pain and nervousness, and had been unable to sleep at night, had lost weight, and his general health has been seriously impaired; that as a result of said wounds to his cheek and nose he has sustained permanent ugly scars, which will to some extent impair his personal appearance in future life, and reduce his earning power. He sued for damages in the sum of $1,000.

The telephone company answered by a general demurrer and certain special exceptions, among which defendant excepted to the petition because it did not allege nor show how the plaintiff was cut and where he was cut, or the extent and nature of the cut with any degree of certainty, and that it failed to show, and no fact was alleged to enable defendant to determine, the nature of said scars, alleged to be permanent, and it was not alleged that plaintiff's face was free from scars immediately prior to said collision. Defendant entered special defensive pleas, which will be noticed as much as necessary in the discussion of the questions raised.

The court submitted the cause to the jury on certain special issues, which, with their answers, are hereinafter set out: (1) That the driver of the Ford truck was guilty of negligence at the time he turned or backed the truck at the intersection of Holliday and Thirteenth streets; (2) that such negligence was the proximate cause of the accident and injury to plaintiff; (3) that $850 would fairly and reasonably compensate plaintiff for the injury he sustained; (4) that John Doell, who was driving the car in which plaintiff was riding, was not guilty of contributory negligence in attempting to pass defendant's truck at the street intersection.

Upon request of defendant, the following special issues were submitted, which are hereinafter set out, together with their answers: (a) That plaintiff was damaged as the proximate result of the impact of the cars at the time and place complained of in plaintiff's petition; (b) that plaintiff did sustain injury as a result of the accident; (c) that John Doell was not guilty of contributory negligence, in this, that he was operating his car at an excessive rate of speed; (d) that John Doell was not guilty of contributory negligence in that he failed to stop his car.

Upon the findings of the jury, the court entered judgment for plaintiff against defendant for the sum of $859.90, with interest from date of the trial. We do not know why judg-

ment was entered for $9.90 more than the jury found, but no complaint is made thereof, and we will not further notice such apparent discrepancy.

[1] Complaint is made in the first and second propositions that the trial court erred in not giving a peremptory instruction for defendant, inasmuch as the plaintiff alleged that the defendant's driver failed to give a signal prior to backing the truck in a public highway, and that, as a direct result thereof, the Ford sedan, in attempting to pass the backing truck, was struck by it, and plaintiff was injured, and that there was no proof that the signal was not given; that the evidence showed that John Doell, the driver, a youth of some 16 years, saw defendant's car backing in ample time to have avoided the collision; that Mrs. Doell admitted seeing the truck in motion at a time when their car was at the street car tracks, which she stated were in the center of Thirteenth street, and that she had already placed appellant's car, prior to that moment, at a point north of the north intersection of Thirteenth and Holliday streets on Holliday street; that John Doell gave no signal whatever of his approach to the truck, which he desired to pass, in violation of the Penal Code of Texas.

Mrs. Doell testified that, as their car was driven down Holliday avenue, she observed the Ford truck just in front of their car; that it was past the intersection of Thirteenth street, headed towards town; that as to whether the car was moving or standing still when she first glanced up, she thought it was moving towards town, just moving along the street in the usual manner; that she soon saw that it was backing; that there were pipes of some kind sticking out from the car; that she did not see any red flags on that truck, saw no one in the truck give a signal, and heard no honking; that she believed she would have seen a signal if one had been given. We think this evidence is sufficient to sustain the conclusion evidently reached by the jury that no signal was given.

[2] In the third proposition complaint is made of the admission of certain testimony by Antone Peters, which testimony appellant urges is an invasion of the province of the jury. This witness ran an automobile repair business in Wichita Falls, and had been engaged in such business since 1910. He testified that he did not know anything about the accident; that he examined the car of plaintiff's father that morning as it stood across the street from the courthouse; that there were some marks, dents, or holes in that car. Over the objection of defendant, he was permitted to testify:

"Whatever it was dug across and cut a pit in the body, and at the same time bent the body in, and broke that glass and tore the fender off. That is the damage that is done to the car. The reason that I say that the glass could be broken, because the woodwork on the inside is broken, because the woodwork on the inside is broken from a blow that hit it on the outside. That such a blow from the outside would have broken the glass in the Ford sedan if there was a glass in there."

The contention of defendant was that the glass in the front door of the car which the plaintiff claimed was struck by the rod extending out from the back of the truck was broken by John Doell running up on the curb, and that it was not broken by any impact with the truck.

O. D. Taylor, witness for plaintiff, testified, after qualifying himself as an expert:

"That a blow sufficiently hard to make a dent in a Ford sedan, said blow was also sufficiently hard to break the glass in said sedan, and that, assuming that a car ran into the Ford sedan, said car came in from the front, and that from his experience as a repairer of bodies of automobiles the marks and dents on the Ford sedan indicated apparently that some object had run into the right and in the front of the Ford sedan belonging to plaintiffs."

The admission of this testimony is also urged as error.

Appellant cites such cases as Kirby Lumber Co. v. Adams, 291 S. W. 279, by the Beaumont Court of Civil Appeals; Weisner v. M., K. & T. Ry. Co., 207 S. W. 905, by the Commission of Appeals; Clear v. Van Blarcum, 241 S. W. 81, by the Missouri Court of Appeals, and other cases holding that an expert cannot state his conclusions upon facts, the determination of which is wholly within the province of the jury. The objections urged to the testimony of those two witnesses were that the same was inadmissible, for the reasons announced in those authorities; and the majority of the court are of the opinion that the trial court erred in overruling them. The writer is inclined to believe that it was admissible, or at least a part was, and not subject to an objection to the whole. He thinks that one who has repaired many automobiles that have been in collisions, and knows the structure of plaintiff's car, and the thickness of the glass in the doors, and the structure of the grooves holding such glass, may properly testify as an expert whether the backing of another car, or truck, into the car in which plaintiff was riding, and the fact that an iron rod or bar was extended from the back of the truck, was reasonably sufficient to break the glass, as a matter of expert testimony. But, inasmuch as we have concluded that the judgment below must be reversed for other reasons, we will not discuss this question further.

[3] In propositions 4 and 5 complaint is made to the action of the trial court in admitting, and in not excluding on motion, the testimony of Mrs. Doell, to the effect that her little son, plaintiff below, was cut on the mouth, and a gristle formed therefrom. It will be remembered that no allegation of such an injury was made in plaintiff's peti-

tion. Mrs. Doell testified, over objection of appellant, that she was a graduate nurse, and followed that occupation for a livelihood before she was married. As to the injuries to her little son, she testified that there was a cut to the bone on the nose, and that he was cut on the cheek, and on the mouth, which latter cut was very large, and turned black and green in the middle; that there was just about one tissue left; that those injuries caused severe pain, and the plaintiff shook all over, and could hardly control himself; that he screamed and was very nervous, etc.; that the glass from the collision cut him in the mouth; and that there was quite a gristle that formed on the mouth.

It is a well-recognized rule that no testimony is admissible in a damage suit over objection of defendant of injuries other than those alleged. I. & G. N. Ry. Co. v. Beasley, 9 Tex. Civ. App. 569, 29 S. W. 1121; Texas State Fair v. Marti, 30 Tex. Civ. App. 132, 69 S. W. 432; S. W. Tel. & Tel. Co. v. Tucker (Tex. Civ. App.) 98 S. W. 909; Southern Pacific Ry. Co. v. Martin, 98 Tex. 322, 83 S. W. 675; Illinois Cent. Ry. Co. v. Bentz, 108 Tenn. 670, 69 S. W. 317, 58 L. R. A. 690, 91 Am. St. Rep. 763; H. & T. C. Ry. Co. v. Gerald, 60 Tex. Civ. App. 151, 128 S. W. 166, writ of error denied; M., K. & T. Ry. Co. v. Doyal (Tex. Civ. App.) 142 S. W. 610. Plaintiff, having attempted to specify and particularize the injuries received, was precluded from offering evidence of other injuries over objection. In Southern Pacific Co. v. Martin, 98 Tex. 322, 83 S. W. 675, the Supreme Court, speaking through Judge Brown, said:

"The rule upon this subject is well stated by Judge Stayton [Texas & P. Ry. Co. v. Curry, 64 Tex. 87] in the following language: 'The general allegation of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damage; that is, damages of that sort, and proof only is necessary to show the extent and amount. But where damages actually sustained do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state in his declaration the particular damage which he has sustained, for notice thereof to the defendant; otherwise the plaintiff will not be permitted to give evidence of it on the trial' (citing 3 Suth. on Dam. 426). The same rule is adopted by Mr. Sedgwick, who refers to the more enlarged and particular statement of the rule made by Mr. Chitty as the correct rule and exposition of the reasons on which it is based (citing 2 Sedg. on Dam. 606). This is a just rule of pleading; for it requires the person seeking relief, by his pleadings, to inform the adverse party of the facts upon which he intends to rely for a recovery, thereby avoiding surprise."

T. & P. Ry. Co. v. Curry, 64 Tex. 87; Campbell, Receiver, v. Cook, 86 Tex. 632, 26 S. W. 486, 40 Am. St. Rep. 878; N. T. T. Co. v. Jenkins (Tex. Civ. App.) 266 S. W. 175. We think these assignments should be sustained.

In the eighth proposition, complaint is made that, by reason of certain testimony given by John Doell and Mrs. Doell, judgment should be reversed and here rendered. It is claimed that John Doell testified that he put his car in low in turning the corner of Fourteenth and Holliday streets, and that he actually saw defendant's car at Oster's bakery; that he continued to increase his speed until he was within 15 feet of defendant's truck; that witness Allen testified that plaintiff's car was running at a high rate of speed, approximately 45 miles an hour, when the accident occurred; that the law required plaintiff, and the driver of plaintiff's car, to exercise ordinary prudence on going into an intersection already occupied by another car to see that he may do so with safety; that, as a matter of law, under such circumstances, the driver of the car in which plaintiff was riding was guilty of contributory negligence, which barred plaintiff from recovery.

In the first place, John Doell testified that he started to town, driving the Ford sedan in which were his mother and little baby brother and the plaintiff below, who was six years old, at about 5 o'clock in the afternoon; that he started from home in the 1600th block on Fourteenth street, had made the turn at Holliday street going north; that Holliday street has a parkway in the center, and is boulevarded on each side of the pavement; that, when he turned into Holliday street from Fourteenth street, he was driving about 18 miles an hour; that, as he proceeded up Holliday street, he observed another vehicle ahead of him; that at the time he saw it he was in front of Oster's bakery, and the rear end of defendant's truck was about seven feet beyond the sidewalk; that the truck was near the curb of the parkway, and headed north in the same direction he was traveling; that he could not tell when he first saw the truck whether it was moving forward or standing still; that, as he moved along the street, he continued to see that truck; that he was about 15 feet in the rear of the truck, when he first observed that it was moving; that it was moving backward; that he turned to the left to avoid the truck; and that it backed into his car and struck his car with the rod extending from the rear of the truck.

Mr. Allen did not testify that the car was running 45 miles an hour. He did not see the car before the accident. He was in his house, which fronted on Holliday street and in the same block where the accident occurred, when the collision took place, and went out to see if he could be of any service. He had been an officer for many years, a deputy sheriff, police officer, etc. He testified, evidently in response to a question calling for expert testimony:

"It would be hard to say how fast a car would have to be going, to go that 100 feet from the point of the accident, up to that place on the

left-hand side of the street. As to whether it would be extremely fast or slow would depend largely upon the condition of the brakes. The testimony does not show that the brakes were in good condition. It would had to have been going 45 miles an hour to have gone 100 feet from the accident.

We do not think that this testimony is evidence of the claimed fact that the car was running 45 miles an hour. Moreover, it is a question as to whether the plaintiff, a boy six years old, with no control over the driver of the Ford sedan, should have imputed to him any contributory negligence on the part of the driver. This question we will discuss in disposing of other assignments, and therefore will omit any further discussion in the treatment of this assignment.

[4] It is not necessary for us to discuss the alleged excessiveness of the verdict, inasmuch as we have concluded that the judgment must be reversed for other reasons. Nor will it be necessary for us to discuss any question involving the alleged misconduct of the jury. One of the jurors testified that, during the deliberations on the verdict, several of the jurors, four or five of them, entered into a discussion as to general conditions in Wichita Falls and vicinity with reference to the way trucks were being operated and driven on the public roads; that some one said it was time to put a stop to the driving of trucks carelessly and recklessly. This juror said he did not take any part in the discussion. There was no other testimony offered. The court stated that, assuming that everything was done that was set up in the motion for rehearing upon this matter was true, a jury in civil cases cannot impeach its verdict in this way. Article 2234, Rev. Civ. Statutes of 1925, provides:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material." Acts 1905 (c. 18).

Since the enactment of this statute, the old rule that in civil cases a jury cannot impeach its own verdict, has been abrogated.

[5] We have reserved for the last the discussion of the sixth and seventh propositions, inasmuch as they involve the question of the right to impute to plaintiff below, a mere boy of six years of age, any claimed contributory negligence on the part of his brother, John Doell, the driver of the Ford sedan. Ordinarily, a passenger in a car, who has no control over the driver, and is injured by a collision with another car, vehicle, or train, may not have imputed to him any contributory negligence of the driver. In the instant case, defendant brought out the statement made by the plaintiff, while he was crying and suffering from his injuries, and probably before he was taken into the house of Mr. Allen, a witness, that he had told his brother that he was driving too fast. If this was true, it indicated that he had used all the efforts at his command to prevent his brother driving too fast, which was one of the grounds of contributory negligence alleged by the defendant.

In W. U. Tel. Co. v. Hoffman, 80 Tex. 420, 15 S. W. 1048, 26 Am. St. Rep. 759, the Supreme Court, quoting from the headnotes, said:

"Plaintiff, aged fifteen years, had his arm broken or dislocated at the elbow. A physician was telegraphed for—could have reached plaintiff in twenty-four hours. The message was never delivered, and the physician saw the plaintiff nine days after the dispatch was delivered to the telegraph company. The parents of the plaintiff did not repeat the telegram nor made any effort to obtain other necessary surgical aid. Held:

"1. The failure to obtain other surgical aid was negligence, such as to prevent the parents from a recovery of damages.

"2. But such negligence of the parents can not be interposed as a defense to bar a recovery for the benefit of the minor.

"3. The question of negligence by the minor is for the jury under all the circumstances in evidence."

G., H. & S. A. Ry. Co. v. Moore, 59 Tex. 64, 46 Am. Rep. 265, was a case in which the Supreme Court, speaking through Justice Stayton, held that, in an action by a child six years old against a railway company for personal injuries inflicted in the street of a city by the running of its cars, the negligence of the parent in sending the child unattended on an errand which required it to cross the railway track cannot be imputed to the child or affect its right to recover for injury sustained.

In 20 R. C. L., under the head of "Negligence," the rule as to when the negligence of an older person, the parent or guardian should be imputed to a child injured, is discussed. On page 153 a citation of authorities, and especially from Massachusetts, is given of those jurisdictions which hold that the negligence of a parent or guardian or one in authority over a minor is properly imputed to the minor when injured. On page 155 it is said:

"According, however, to the very decided weight of authority, the negligence of the parent or guardian having custody and control of an infant in exposing it to danger will not be imputed to the child so as to preclude its right of action against a third person by whose negligence it is injured."

A long list of authorities, including two from Texas courts, is given in a note to the text. The following quotation is given from Mattson v. Minnesota, etc., Ry. Co., 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. Rep. 483, 5 Ann. Cas. 498:

"The right of an infant to damages for injuries to his person caused by the wrongful act of others is a property right, and entitled to the same protection in the courts as is accorded other property held or owned by him. He is entitled to the protection of the law equally with persons who have attained their majority, and to refuse him relief on the ground of his parents' indifference or negligence would be to deny it to him. To impute to him negligence of others is harsh in the extreme, whether the negligence so imputed be that of his parents, their servants, or his guardian."

It is said in this text that the custodian of an infant is the agent of the law and not of the infant.

See 20 Cyc. p. 552 et seq. Blashfield's Encyclopedia of Automobile Law, p. 1001, says:

"By the great weight of authority, negligence on the part of a parent in charge of a minor child cannot be imputed to it so as to prevent recovery by the child from a third person, owning or operating a vehicle colliding with a machine in which it is riding, or striking the child while walking in the street.

"Thus, where a child between two and three years old, left by its parents in the care of a visitor, went into a street, and was struck by the defendant's automobile, the negligence of the visitor was not imputable to the child as a defense in favor of the defendant."

See 2 Blashfield's Cyclopedia of Automobile Law, p. 1145 and following, where a general discussion is given as to the rule of imputed negligence to passengers in a vehicle, and especially of imputing negligence of an adult driver to a minor passenger to defeat recovery. On page 1155 it is said:

"The general rule is that the negligence of an adult driver of an automobile, in the management of the machine, which, in concurrence with the negligence of a third person, has caused an injury to a minor passenger, will not be imputed to the minor to prevent his recovery against the third person."

See a full discussion of the question here involved in Schoonover v. B. & O. Ry. Co., L. R. A. 1917F, pp. 1 to 116. Numerous authorities are cited, and a full discussion is had. See the case of John Gallagher, Jr., by Next Friend, v. Frederick H. Johnson, by the Massachusetts Supreme Court, 15 A. L. R. p. 411, with numerous notes and an abundance of authorities cited thereunder. See Phillips v. Denver City Tramway Co., 53 Colo. 458, 128 P. 460, Ann. Cas. 1914B, p. 29 and following.

In the recent case of Ross v. Haner, 244 S. W. 231, by the Beaumont Court of Civil Appeals, and affirmed in 258 S. W. 1036, by the Commission of Appeals, it is said:

"The continuing negligence on the part of his parents to make the repair does not, as a matter of law, affect his right under said contract, unless such negligence constituted the sole proximate cause of his injuries."

This question was not briefed by the parties appellant and appellees, and we wrote to counsel representing both sides calling attention to the question involved, and invited them to brief the one question, if they should see fit. We thank the counsel for their promptness in furnishing us with authorities and arguments, though, owing to some delay in getting the briefs into our hands, we have had to make an independent investigation into the matter.

We do not think that, under the facts, the negligence, if any, of the driver of the Ford sedan, should be imputed to the plaintiff, unless it was the "sole proximate cause" of the injury; then, of course, it would not be imputable. For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded.